UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JATINDER CHEEMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 25-cv-12335-FDS |
| | ) | |
| SIRCE E. OWEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

SAYLOR, J.

This action arises out of immigration-removal proceedings. Plaintiff Jatinder Cheema asks this Court to review a decision made by the Board of Immigration Appeals ("BIA") upholding an order of removal. Defendants have moved to dismiss the amended complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

For the following reasons, the motion will be granted.

I.    **Background**

A.    **Factual Background**

Jatinder Cheema, a Canadian citizen, has had lawful permanent resident status in the United States since April 2011. (Am. Compl. ¶ 1, Dkt. No. 14). On November 15, 2023, Cheema filed a Form N-400 to apply for naturalization. (*Id.*). On October 28, 2024, he filed a Form I-751 Petition to Remove Conditions on Residence under the extreme cruelty and extreme hardship provisions. (*Id.*). He filed under these provisions because he was allegedly consistently abused by his spouse, Angela Ates, against whom he filed a domestic-violence restraining order

in 2024.  (*Id.* ¶¶ 14-20).  His Form I-751 remains pending.  (*Id.* ¶ 1).

On September 19, 2025, the BIA denied Cheema's motion to terminate removal proceedings and ordered him removed.  (*Id.* ¶ 37).  At the time of the agency's decision, defendant Sirce E. Owen was the Acting Director of the United States Department of Justice's Executive Office for Immigration Review ("EOIR").  (*Id.* ¶ 2).  Defendant John M. Gillies is a Temporary Appellate Immigration Judge and BIA member.  (*Id.* ¶ 3).  Defendant Garry D. Malphus is the Chief Appellate Immigration Judge within the BIA.  (*Id.* ¶ 4).

### B.      **Procedural Background**

On August 21, 2025, plaintiff filed a complaint under the Administrative Procedure Act ("APA"), contending that the BIA unreasonably delayed adjudicating his motion to terminate removal proceedings.

On September 19, 2025, the BIA rejected his request to terminate proceedings and ordered his removal.

On November 7, 2025, plaintiff filed an amended complaint, contending that the BIA's decision was arbitrary and capricious under the APA.  In his amended complaint, he requests that this Court issue a writ of mandamus that "reverses the egregious nature of [the BIA's] illegal decision outside of their Constitutional authority to order a person removed who is in legal status."  (Am. Compl., Prayer for Relief).

On December 23, 2025, defendants moved to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(1).  Specifically, defendants contend that this Court lacks subject-matter jurisdiction over plaintiff's claim.

## II.      **Standard of Review**

Rule 12 provides that a complaint can be dismissed for, among other things, "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  On a motion to dismiss for lack of

subject-matter jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)).  If the party seeking to invoke federal jurisdiction "fails to demonstrate a basis for jurisdiction," the motion to dismiss must be granted.  *Id.*  When ruling on a motion to dismiss under Rule 12(b)(1), the court "must credit the plaintiff's well-[pleaded] factual allegations and draw all reasonable inferences in the plaintiff's favor."  *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).

**III.    Analysis**

Plaintiff has filed a petition for a writ of mandamus challenging his removal by defendants.  This Court, however, does not have the authority to grant such relief.  The Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 302, "place[s] review of all final removal orders, for both criminal and non-criminal aliens, in the courts of appeals."  *Ishak v. Gonzales*, 422 F.3d 22, 28 (1st Cir. 2005) (citing 8 U.S.C. § 1252(a)(5)).  "[E]nactment of the Real ID Act . . . in the plainest of language, deprives the district courts of jurisdiction in removal cases."  *Id.* at 27-28.  Under this statutory scheme, "the sole and exclusive means for judicial review of an order of removal [is] a petition for review filed with an appropriate court of appeals."  *Vega-Del Roquel v. Barr*, 568 F.Supp.3d 73, 76 (D. Mass. 2021) (quoting 8 U.S.C. § 1252(a)(5)).

Plaintiff's claim thus falls outside of this Court's subject-matter jurisdiction and must be dismissed.

**IV.    Conclusion**

For the foregoing reasons, defendants' motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  June 11, 2026                                    United States District Judge

3